ABRAHAM RIZIKA, Appellant, v. MORTON D. KOWALSKY et al., Respondents. — Judgment affirmed, with costs, upon the opinion of BASTOW, J., delivered at Special Term (207 Misc. 254). All concur. (Appeal from a judgment of Oneida Special Term, dismissing plaintiff's complaint in an action for a declaratory judgment.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post*, p. 1116.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD SHELDON HAWLEY, Appellant.— Judgment of conviction reversed on the law and a new trial granted. Memorandum: Defendant appeals from a judgment of conviction of larceny (Penal Law, § 1293-a). While we consider the evidence sufficient to sustain the judgment, numerous errors were committed during the trial which, taken together, require a reversal. It was error to permit the assistant district attorney repeatedly to ask questions, both of defendant and of the officers who arrested him, designed to impress upon the jury the fact that defendant refused to co-operate with the officers or to answer their questions. (*People* v. *Rutigliano*, 261 N. Y. 103; *People* v. *Infantino*, 224 App. Div. 193; *People* v. *Hyman*, 284 App. Div. 347, affd. 308 N. Y. 794; *People* v. *Mleczko*, 298 N. Y. 153.) As the trial court correctly instructed the jury, defendant was under no duty to answer questions while under arrest. We also regard the cross-examination of defendant as unjustifiably broad. It was error for the assistant district attorney to ask defendant whether he had not twice been in jail, whether a certain individual " might have been a fellow inmate of yours at Attica ", and whether defendant had not once pleaded guilty to public intoxication. The assistant district attorney on one occasion improperly pursued a collateral matter after a binding answer had been given, and another collateral question could have had no basis in fact. The prosecution rested heavily upon the inference to be drawn from defendant's recent and exclusive possession of the stolen vehicle, and it was vital to him that his credibility be fairly judged. Under the circumstances, we think the cross-examination presents reversible error. (*People* v. *Joyce*, 233 N. Y. 61, 71; *People* v. *Perry*, 277 N. Y. 460; *People* v. *Slover*, 232 N. Y. 264, 268; *People* v. *Buzzi*, 238 N. Y. 390, 402.) All concur. (Appeal from a judgment of Onondaga County Court, convicting defendant of the crime of grand larceny, second degree.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.