THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MATTHEW MACK BROWN, Also Known as ANTHONY BROWN, and TOLTON THIERRY, Appellants.

Fourth Department, July 11, 1956.

*John T. Curtin* for Matthew Mack Brown, appellant.

*William J. Ostrowski* and *John T. Curtin* for Tolton Thierry, appellant.

*John F. Dwyer, District Attorney* (*George H. Metz* of counsel), for respondent.

*Per Curiam.* The defendants appeal from a judgment convicting them of the crime of robbery, first degree. We have examined the facts and find no error therein. Upon the trial, however, a series of errors were committed the cumulative effect of which, in our opinion, affected the substantial rights of the appellants and may not be classified as technical errors or defects within the meaning of section 542 of the Code of Criminal Procedure.

It was error for the trial court to deny counsel for appellant, Thierry, the right to examine the Federal Bureau of Investigation record of alleged prior convictions of this defendant which had been used by the District Attorney upon cross-examination to refresh the recollection of the defendant as to prior convictions. The rule is well established that although a writing revives a present recollection and may not be used evidentially, yet opposing counsel has the right to inspect it. (*People* v. *Gezzo,* 307 N. Y. 385, 392.) While the rule is generally applied where the recollection of a witness is refreshed upon direct examination the reason therefor is equally applicable when a recollection is refreshed upon cross-examination. In *Tibbetts* v. *Sternberg* (66 Barb. 201, 203) it was said that '' The right of a party to protection against the introduction against him of false, forged or manufactured evidence, which he is not permitted to inspect, must not be invaded a hair's breadth.'' This error was compounded by the joint efforts of the prosecutor and the Trial Judge to force defendant's counsel to consent to the receipt in evidence of the record of convictions if the latter wanted to examine it. The document was not admissible and the repeated statements in the presence of the jury that it could be inspected if received in evidence were improper. Inspection should have been permitted without further ado.

Further prejudical error was committed in permitting the prosecutor to elicit from appellant, Thierry, upon cross-examination and over repeated objections that he had been previously *arrested* for burglary and that he had been convicted on 10 different occasions in this and other States of offenses variously referred to as '' public intoxication '', '' being drunk '', '' drunkenness '' and '' picked up for intoxication ''. There was no proof that such described offenses constituted a crime when committed

in any foreign State. In this jurisdiction public intoxication is an offense and not a crime. The cross-examination was improper (cf. *People* v. *Hawley,* 285 App. Div. 1009; *McQuage* v. *City of New York,* 285 App. Div. 249, 251). The belated attempt by the trial court to remedy the errors could not cure the intended purpose of the line of questioning, which was to show that the defendant was— to use the trial court's description of him in its charge — a " drifter ".

There was additional error in permitting police officers to testify that shortly after the commission of the alleged robbery, the complainant, both near the scene of the alleged crime and at a precinct station identified the three defendants as the men who set upon and robbed him. Such evidence is incompetent and inadmissible. (*People* v. *Trowbridge,* 305 N. Y. 471, where it was held that the receipt of similar evidence was reversible error.)

Lastly, the court erred in its repeated attempts in the presence of the jury to press the defendants and their counsel to decide whether or not consent would be given to permit the jury, upon retiring for deliberation, to take with them the exhibits (Code Crim. Pro., § 425). This practice, in substance, was condemned in *People* v. *Snyder* (297 N. Y. 81, 93) where the court expressed the warning that " It is better to consider the question of consent under section 425 after the jury has retired."

The complainant in this case was an unfortunate individual living in lodging houses and public institutions. His observation of the three defendants was brief. His identification of them upon the trial was weak and vacillating. The jury acquitted the third defendant. While there was other evidence tending to prove that these appellants committed the crime we conclude that in this posture of the case it cannot be said that these errors in the aggregate were not prejudicial to the rights of appellants.

The judgment should be reversed upon the law and a new trial ordered.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment of conviction reversed on the law and a new trial granted.