■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VALERIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 27, 1988, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support the conviction for assault in the second degree because there was no showing that he was the person who inflicted the injuries upon the claimant has not been preserved for appellate review as the defendant failed to advance this argument before the trial court in support of his motion to dismiss the indictment at the close of the People's case (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250). Moreover, not only was this argument not raised in the trial court but it is directly contrary to the admission of the defense counsel in his opening statement that the defendant had hit the victim but that his action was justified. In any event, were we to consider this argument in the exercise of our interest of justice jurisdiction, we would find it to be without merit. Viewing the evidence in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the elements of the crime of assault in the second degree beyond a reasonable doubt. Contrary to the defendant's contention on appeal, the People elicited testimony of an eyewitness who observed the defendant repeatedly hit the victim as she cowered in a defensive posture. Several witnesses also testified that the defendant had his gun in hand at the time of the incident. A physician testified that the head laceration suffered by the victim could have been caused by a blunt instrument. The arguments raised by the defendant on appeal as to the apparent conflicts in the witnesses' testimony or the reliability thereof present questions of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed

unless clearly unsupported by the record *(see, People v Gara-folo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also asserts that certain comments made by the prosecutor during summation improperly shifted the burden of proof to him. Although several of the prosecutor's remarks on summation did improperly intimate that the defendant had the burden of coming forward with proof, the prejudicial effect of such remarks was effectively vitiated by the court's detailed preliminary instructions and its final charge to the jury in which it adequately conveyed that the People had the burden of proof and further by its repeated admonitions that the remarks of counsel are not to be considered evidence *(see, People v Galloway,* 54 NY2d 396, 401; *People v Ashwal,* 39 NY2d 105, 111). In any event, any error was harmless under the circumstances of this case *(see, People v Morgan,* 66 NY2d 255, 259; *People v Crimmins,* 36 NY2d 230, 237). Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.