■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH EVANS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered October 22, 1990, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, under Indictment No. 16015/89, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court also rendered October 22, 1990, revoking a sentence of probation previously imposed by the same court (Marano, J.), upon a finding that he had violated a condition thereof, under Indictment No. 519/89, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment and amended judgment are affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Under the circumstances of this case, it was reasonable for the jury to infer that the defendant knowingly possessed a controlled substance since he was found in close proximity to a large quantity of narcotics under circumstances evincing an intent to unlawfully mix, compound, package, or otherwise prepare them for sale (Penal Law § 220.25 [2]).

The testimony adduced at trial established that the defen-

dant was found in an apartment containing four clear plastic bags containing crack cocaine, one large plastic bag containing 63 individual bags of crack cocaine, one large clear plastic bag containing numerous vials with plastic caps which also contained crack cocaine, two triple beam scales, and two beepers. At the time that the police entered the apartment, the defendant was standing in a vestibule approximately 10 feet away from the table on which the drugs and drug paraphernalia were found in open view.

The element of "close proximity" under Penal Law § 220.25 (2) does not require that the defendant be found in the same room as the narcotics (see, People v Garcia, 156 AD2d 710). Rather, the jury is permitted to employ the statutory presumption where, as here, the defendant is present at the place of discovery of the narcotics (see, People v Daniels, 37 NY2d 624). The defendant failed to properly preserve his contention that the police testimony offered in support of the statutory presumption was incredible as a matter of law (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Valerio, 167 AD2d 439). In any event, we find that upon review of the record, there is no basis to reject the police testimony as being incredible as a matter of law. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.