■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST GRAY, Appellant. [604 NYS2d 48] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 13, 1991, convicting defendant, after a jury trial, of

murder in the second degree, two counts of burglary in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 20 years to life, 8⅓ to 25 years, 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

The trial court's *Sandoval* ruling properly allowed inquiry into the underlying facts of defendant's prior felony conviction in Maryland for drug trafficking, which were "probative of the defendant's willingness to place his interests above those of society, and [were] particularly probative on the issue of credibility" *(People v Grice,* 177 AD2d 271, 272, *lv denied* 79 NY2d 857).

The fact that defendant was 15 at the time of such conviction and that a similar charge under New York law would have resulted in an adjudication of juvenile delinquency does not affect the validity of such ruling inasmuch as the court did not permit use of the conviction itself for purposes of impeachment but merely held that were defendant to testify in his own behalf "the incident in Baltimore and its facts could be inquired into" *(see, People v Duffy,* 36 NY2d 258, 264, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). That defendant's testimony would have been the only material source of testimony in his defense, and that he may have been discouraged from testifying by the prospect of having his prior convictions mentioned did not require a different result *(People v Grice, supra,* at 272).

Defendant's guilt of criminal possession of a weapon in the second degree was proven beyond a reasonable doubt.

That defendant possessed the weapon with the intent to use it unlawfully against another if necessary to facilitate escape from the scene of the crimes could be inferred from his concession that he fired the gun shortly after he and his accomplices attempted to steal beer from the rear of the truck and after one of the accomplices fired the shots that killed the truck driver *(see, People v Coluccio,* 170 AD2d 523, 524, *lv denied* 77 NY2d 993).

We have considered defendant's remaining contention and find it to be both unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.