*711 OPINION OF THE COURT
Ciparick, J.
May defendant’s previous conviction of a felony in Maryland when he was 15 years old constitute cross-examination material at his New York murder and robbery trial even though the Maryland conviction would have resulted in a juvenile delinquency adjudication in New York? We hold that the trial courts’ traditional, broad Sandoval discretion controls this question and decline to adopt a per se rule automatically excluding the out-of-State conviction.
Around 2:30 a.m. on July 12, 1990, a police officer discovered the body of Harry Rhodes slumped over the steering wheel of his truck parked outside a beer distributor’s warehouse in upper Manhattan. Rhodes had been shot to death. The door at the rear of the truck was open and the driver’s side window was broken. Inside, the glove compartment was open and papers were strewn across the floor of the cab and the passenger seat. A wallet and personal documents belonging to Rhodes were found under the stairwell of a nearby building.
The following day, defendant and five others were arrested in connection with the murder and robbery. Defendant gave a written statement to a detective and made a second, videotaped statement to an Assistant District Attorney. In both statements defendant admitted to participating in the robbery of Rhodes.
Defendant made a pretrial Sandoval motion to preclude the People from using his prior convictions to impeach his credibility in the event he testified in his own behalf (see, People v Sandoval, 34 NY2d 371). The motion was addressed to a 1990 misdemeanor conviction in New York for criminal trespass and a 1989 Maryland felony conviction for cocaine trafficking when defendant was 15 years old. The trial court denied the motion in its entirety.* Defendant did not testify at trial and was convicted of murder in the second degree, two counts of burglary in the second degree, and criminal possession of a weapon in the second degree. The Appellate Division affirmed.
On this appeal, defendant argues that the Legislature has *712 evinced a strong policy in favor of protecting youths under 16 from acquiring criminal status for nonviolent crimes and that deference to that policy requires elimination of the trial court’s traditional Sandoval discretion in favor of a per se rule precluding use of prior criminal convictions from foreign jurisdictions where, as here, the underlying acts would not be adjudicated crimes if committed in this State.
A criminal defendant who chooses to testify may be cross-examined concerning prior criminal, vicious or immoral acts that bear logically on that individual’s credibility as a witness (see, People v Sandoval, 34 NY2d 371, 374, supra). Use of prior criminal convictions and bad acts to impeach a testifying defendant "is largely, if not completely, a matter of discretion which rests with the trial courts and fact-reviewing intermediate appellate courts” (People v Shields, 46 NY2d 764, 765). It is, however, impermissible to use a youthful offender or juvenile delinquency adjudication as an impeachment weapon, because "these adjudications are not convictions of a crime” (Richardson, Evidence § 506, at 494 [Prince 10th ed]; see, Family Ct Act § 301.2 [1]; Penal Law § 30.00). Nevertheless, the cross-examiner may bring out "the illegal or immoral acts underlying such adjudications” (People v Greer, 42 NY2d 170, 176).
Recently, we stated of the admissibility of prior convictions, that "[o]ur law does not require 'the application of any particular balancing process’ in Sandoval determinations * * * and there are no per se rules requiring preclusion because of the age, nature and number of a defendant’s prior crimes” (People v Walker, 83 NY2d 455, 459, quoting People v Pollock, 50 NY2d 547, 550; see, People v Mattiace, 77 NY2d 269, 275). "Because the trial courts have inherent power to control the scope of cross-examination and the use of prior bad acts is a genetically accepted practice in that context, this Court will intervene only where 'the trial court ha[s] either abused its discretion or exercised none at all’ ” (People v Walker, 83 NY2d 455, 459, supra, quoting People v Williams, 56 NY2d 236, 238).
Indeed, in People v Mackey (49 NY2d 274, 281), we declined to hold that the trial court abused its discretion in permitting cross-examination of the defendant on petit larceny and disorderly conduct convictions that occurred when the defendant was 13 years old. As defendant candidly concedes, the convictions in Mackey must necessarily have been foreign since they *713 postdated the Family Court Act. In People v Peele (12 NY2d 890, 891), we held that the trial court did not commit reversible error when it permitted the prosecutor to question the defendant concerning a Virginia juvenile delinquency adjudication, “since the prosecutor in good faith believed that there had been a criminal conviction.” A criminal conviction in a foreign jurisdiction may be used against a defendant testifying in this State if the act or acts constituted a crime in that jurisdiction (see, People v Rivera, 100 AD2d 914, 915; People v Brown, 2 AD2d 202, 203-204).
Defendant is correct in arguing that the Legislature has sought to protect young persons who have violated the criminal statutes of this State from acquiring the stigma that accompanies a criminal conviction (see, Family Ct Act § 381.2 et seq.). However, New York’s governmental interest in the adjudication of criminal acts which take place outside the State is much less compelling and hardly requires the automatic override of another jurisdiction’s treatment of the problem of youth crime or elimination of our well-established, workable Sandoval rules.
In People v Kuey (83 NY2d 278), we considered a similar problem in the context of enhanced sentencing. We held that New York courts may defer to the policies of the jurisdiction in which the misconduct occurred, and use Florida youthful offender convictions as a predicate for enhanced sentencing purposes even though New York would expunge such convictions and prohibit their use as predicates in sentencing. Having determined in Kuey that New York courts "may give equal force” to Florida’s "significantly different” treatment of youthful offenders — even though less protective than our own —we discern no compelling reason to adopt a different rule here, where the foreign conviction is being used solely for impeachment rather than enhanced punishment (id., at 285 [emphasis added]). Indeed, in this State, inquiry into the actual nature of the acts constituting the basis for the youthful offender or juvenile delinquency adjudication is permitted, and a defendant can even be impeached with prior bad acts that did not result in a criminal charge (see, Sandoval, 34 NY2d, at 374, supra).
This is not to say that in every case involving an out-of-State criminal conviction there must be deference to the foreign jurisdiction’s juvenile justice policies. We hold only that the matter remains within the sound discretion of the *714 hearing court, which should be sensitive to the differences between the juvenile justice policies of this State and the foreign State.
In conclusion, we find the rationale of the defendant and concurring opinion unpersuasive and decline to adopt a per se rule automatically excluding as cross-examination material any and all foreign criminal convictions involving acts that, if committed in this State, would result in youthful offender or juvenile delinquency treatment. The use of prior convictions for impeachment purposes is a matter resting "largely, if not completely”, within the sound discretion of the trial courts (Shields, 46 NY2d, at 765, supra). We find no abuse of such discretion here as a matter of law.
We have considered defendant’s remaining contention and find that it is without merit.
Accordingly, the order of the Appellate Division should be affirmed.

 Although the Appellate Division concluded that "the court did not permit use of the [Maryland] conviction itself for purposes of impeachment” (198 AD2d 3, 4), examination of the record indicates that the trial court later made a clarification of its original ambiguous Sandoval ruling, stating: "It’s the conviction and underlying circumstances with regard to the Baltimore felony.”