■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN THOMAS, Appellant. [633 NYS2d 351] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 1, 1993, convicting him of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention that his waiver of his statutory right to be present at sidebar conferences was invalid, we find that he waived this right knowingly, voluntarily, and intelligently *(see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247, 250). The record indicates that, prior to signing a waiver of his right to be present at sidebar conferences, the defendant was present on the first occasion when the court and counsel spoke with a prospective juror regarding her ability to be impartial. Thereafter, with the defendant still present at the sidebar, the trial court and counsel engaged in a colloquy regarding the best manner in which to handle future private discussions with prospective jurors until the defendant had an opportunity to sign a waiver. Subsequently, defense counsel represented to the court that the waiver was explained to the defendant and signed by him. Although it would have been better practice for the trial court to provide the defendant with a brief understanding of his right to be present at sidebar conferences when jurors are questioned about their ability to weigh evidence objectively, " ' "there is no requirement that the Judge conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel * * * may nevertheless not know what he is doing" ' " *(People v Spotford,* 85 NY2d 593, 598).

The trial court's *Sandoval* ruling was not an improvident exercise of discretion. The arguments of both counsel were appropriately considered by the court *(see, People v Rahman,* 46 NY2d 882, 883-884). It is well established that the defendant's specialization in one area of criminal activity will not automatically shield him from cross-examination as to prior convictions *(see, People v Pavao,* 59 NY2d 282, 292; *People v Sorge,* 301 NY 198, 200; *People v Torres,* 110 AD2d 794, 795). After hearing arguments regarding the probative value of the defendant's 16 prior convictions and their potential prejudicial effect, the court ruled that the defendant could be cross-examined on only his last eight convictions, noting their similarity to the crimes for which he was being tried. Furthermore, the court indicated its intention to give an instruction to the jurors that they were not to use the evidence to conclude that he committed the crime, but only to determine his credibility.

There is no merit to the defendant's contention that the trial court erred in allowing a police officer to testify that he was arrested in the presence of a 13-year-old boy. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.