■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED SIMMONS, Appellant. [654 NYS2d 391] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered October 19, 1994, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

· To the extent that the court may have improperly curtailed the defendant's right to cross-examine the complaining witness, the error was harmless beyond a reasonable doubt because, notwithstanding the court's rulings, the defense counsel fully realized his goal of placing the defendant's theory of the case before the jury (*see, e.g., Chapman v California*, 386 US 18, 21-24; *People v Crimmins*, 36 NY2d 230, 237; *People v Ashner*, 190 AD2d 238, 246-248; *People v Allen*, 67 AD2d 558, *affd* 50 NY2d 898). The complainant testified on direct examination that the defendant had entered his apartment, beaten him up, and stolen his girlfriend's videocassette recorder and television remote control device. The defense counsel thereafter placed his client's guilt in doubt by suggesting, through his cross-examination of the complainant as well as on summation, that the complainant had given the defendant his girlfriend's property as payment for money the defendant had loaned to the complainant to support his heavy drinking habit. The jury was thus made fully aware of the defendant's theory that the complainant had fabricated the robbery to deflect the wrath of his girlfriend, whose property he had given away.

Insofar as the defendant's challenges to the prosecutor's summation are preserved for appellate review (*see*, CPL 470.05 [2]; *People v Dordal*, 55 NY2d 954, 956), the prosecutor's comments represented either legitimate inferences from the evidence or were fair responses to the defense counsel's closing remarks. The latter had included characterizations of the complainant and an eyewitness as drunkards, criminals, and liars (*see, People v Galloway*, 54 NY2d 396; *People v Arce*, 42 NY2d 179, 180; *People v Ashwal*, 39 NY2d 105, 109; *People v Thomas*, 147 AD2d 510; *People v Medina*, 133 AD2d 783). Although it was improper for the prosecutor to comment upon the defendant's failure to testify or to produce various friends to support his version of events, the court immediately instructed the jury—without objection by the defendant—that the defendant had no obligation to call any witnesses (*see, People v Arce, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.