■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN DWYER, Appellant. [665 NYS2d 518] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered April 30, 1996, convicting him of criminal possession of marihuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by permitting the prosecution to elicit testimony regarding the defendant's prior conviction for attempted possession of marihuana in the second degree in order to impeach his credibility (*see, People v Sandoval,* 34 NY2d 371). The defendant's prior conviction was indicative of his willingness to place his own interest before the interests of society (*see, People v Beverly,* 220 AD2d 881; *People v Gray,* 198 AD2d 3, *affd* 84 NY2d 709; *People v Coe,* 165 AD2d 721), and the similarity of the prior conviction to the crime charged does not automatically shield the defendant from cross-examination as to the prior conviction (*see, People v Mattiace,* 77 NY2d 269, 275; *People v Thomas,* 221 AD2d 388).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was in possession of the marihuana (*see, People v Daniels,* 37 NY2d 624; *People v Evans,* 186 AD2d 815) and that he had knowledge of its weight (*see, People v Tineo,* 232 AD2d 667; *People v Love,* 204 AD2d 97, *affd* 84 NY2d 917). Moreover, upon the exercise

of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review, without merit (*see,* CPL 400.21), or do not warrant reversal (*see, People v Galloway,* 54 NY2d 396). O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.