■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SOBERS, Appellant. [708 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 13, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in permitting the prosecutor to cross-examine the defendant about his past use of aliases and false pedigree information, and some of his prior convictions and bad acts, notwithstanding that the prior convictions were drug-related. It is well settled

that the past use of aliases and false pedigree information "is an indication of dishonesty that goes to the very heart of the question of that individual's testimonial credibility" (*People v Walker*, 83 NY2d 455, 461-462; *see also, People v Sandoval*, 34 NY2d 371). Furthermore, the defendant's prior drug-related convictions were indicative of his willingness to place his own interest before the interests of society (*see, People v Dwyer*, 243 AD2d 645). The similarity of the prior convictions to the crime charged does not automatically shield the defendant from cross-examination as to the prior convictions (*see, People v Mattiace*, 77 NY2d 269, 275; *People v Thomas*, 221 AD2d 388). Moreover, the record demonstrates that the court engaged in a proper balancing between the probative value of the prior convictions and the possible prejudice to the defendant (*see, People v Sandoval, supra*, at 376; *People v Jamison*, 228 AD2d 698).

The trial court properly exercised its discretion in limiting cross-examination by the defense counsel (*see, People v Roussopoulos*, 261 AD2d 559; *People v McEachern*, 237 AD2d 381; *People v Ashner*, 190 AD2d 238). In any event, to the extent that any of the challenged rulings may have been erroneous, any error was harmless beyond a reasonable doubt because, notwithstanding the court's rulings, the defense counsel realized his goal of placing the defendant's theory of the case before the jury (*see, People v Simmons*, 237 AD2d 313, 314; *People v Chestnut*, 237 AD2d 528; *People v Crimmins*, 36 NY2d 230, 237).

The sentence imposed was not excessive (*see, People v Delgado*, 80 NY2d 780, 781-782; *People v Suitte*, 90 AD2d 80). Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.