*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    105816
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                           MEMORANDUM AND ORDER

THOMAS JACKSON,
                        Appellant.
_____

Calendar Date:   March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

                        _____


        Mitch Kessler, Cohoes, for appellant, and appellant pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter Willis of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Milano, J.), rendered June 28, 2012 in Schenectady County, upon a verdict convicting defendant of the crimes of predatory sexual assault and criminal sexual act in the first degree.

        In March 2011, victim A realized that she had locked her keys in her vehicle as she prepared to return home from a nightclub.  She was previously acquainted with defendant, who invited her to leave the nightclub with him upon the understanding that a friend of his could help her in the morning.  The two proceeded to a motel room, where defendant forced victim A to fellate him and raped her.  Victim A escaped and reported the incident to police, but defendant had already fled when they arrived on the scene.  Victim B worked at the nightclub where the

first incident began and, in April 2011, she met defendant for a drink shortly before she was scheduled to work. Victim B gave defendant a ride as she drove to work and, as she was running early, defendant asked her to stop for a few minutes. They stopped in a park, where defendant forced her onto the passenger seat of her vehicle and raped her. Defendant left after apologizing and throwing money at victim B, who promptly reported the incident to her coworkers and police.

Defendant was apprehended and charged in a four-count indictment with crimes stemming from both incidents. Following a jury trial, he was convicted of predatory sexual assault and criminal sexual act in the first degree. Supreme Court imposed concurrent sentences upon defendant, a second felony offender, of 25 years to life in prison for the predatory sexual assault conviction, and 25 years in prison, followed by 25 years of postrelease supervision, for the criminal sexual act in the first degree conviction. Defendant appeals, and we now affirm.

Initially, we reject defendant's contention that the verdict was against the weight of the evidence. Assuming that a different verdict would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]; accord People v Romero, 7 NY3d 633, 643 [2006]). The various credibility challenges faced by the victims were fully explored by defendant at trial, including inconsistencies in their stories and the lack of physical evidence to conclusively show that either had been sexually assaulted. Both victims detailed how the assaults occurred, however, and other witnesses testified that they subsequently behaved in a manner consistent with having been assaulted. Moreover, investigators found crime scenes that matched the accounts given by the two victims. A mutual acquaintance of victim A and defendant further testified that she spoke to defendant shortly after the first assault occurred, and that defendant had offered to "give [victim A] $1,000 if she

[kept] her mouth shut."[1]  The jury credited this extensive evidence of defendant's guilt and, according proper deference to that determination, we find that the verdict was not against the weight of the evidence (see People v McCray, 102 AD3d 1000, 1003-1004 [2013], affd 23 NY3d 193 [2014]; People v Hoppe, 96 AD3d 1157, 1158 [2012], lv denied 19 NY3d 1026 [2012]).

Defendant next argues that he was deprived of a fair trial due to an erroneous Sandoval ruling by Supreme Court.  In that regard, "[a] criminal defendant who chooses to testify may be cross-examined concerning prior criminal, vicious or immoral acts that bear logically on that individual's credibility as a witness" (People v Gray, 84 NY2d 709, 712 [1995]; see People v Smith, 18 NY3d 588, 593 [2012]).  It is impermissible to use a "juvenile delinquency adjudication as an impeachment weapon" because it is not a conviction for a crime, although a defendant may be cross-examined regarding the bad acts underlying the adjudication (People v Gray, 84 NY2d at 712; accord People v Lemery, 107 AD3d 1593, 1594 [2013], lv denied 22 NY3d 956 [2013]).  Supreme Court was advised of that distinction but, nonetheless, erroneously permitted prospective cross-examination on "the fact that . . . defendant was adjudicated as a juvenile delinquent" for acts that would have constituted the crime of robbery in the second degree had they been committed by an adult. Defendant ultimately elected not to testify, but harmless error analysis in the Sandoval context "does not involve speculation as to whether a defendant would have testified if the legal error had not occurred" (People v Williams, 56 NY2d 236, 240 [1982]; accord People v Grant, 7 NY3d 421, 425 [2006]).  Defendant extensively attacked the credibility of the victims by other means and, given the overwhelming evidence of his guilt and the absence of any "significant probability that the jury would have acquitted had the error not occurred," we find that the error was

---

[1]  To the extent that defendant's challenge to the admissibility of that statement is preserved for our review, Supreme Court properly allowed it into evidence as an "inculpatory party admission[]" (People v Galloway, 93 AD3d 1069, 1071 n 1 [2012], lv denied 19 NY3d 996 [2012]; People v Cruz, 41 AD3d 893, 896 [2007], lv denied 10 NY3d 933 [2008]).

a harmless one (<u>People v Grant</u>, 7 NY3d at 424; <u>see</u> <u>People v
Henderson</u>, 22 AD3d 883, 884 [2005], <u>lv denied</u> 6 NY3d 776 [2006]).

Defendant's remaining contentions do not require extended
discussion.  Defendant validly waived his right to be present at
sidebar conferences after being advised of that right by Supreme
Court and consulting with defense counsel, with any deficiency in
Supreme Court's articulation of that right having been remedied
by the detailed written waiver that defendant executed in open
court (<u>see</u> <u>People v Jackson</u>, 59 AD3d 736, 736 [2009], <u>lv
denied</u> 12 NY3d 916 [2009]; <u>People v Abdullah</u>, 28 AD3d 940, 941
[2006], <u>lvs denied</u> 7 NY3d 784 [2006]; <u>compare</u> <u>People v Elliot</u>,
299 AD2d 731, 734 [2002]).  Moreover, inasmuch as "the record
reflects that trial counsel 'engaged in relevant motion practice,
presented appropriate opening and closing statements, effectively
cross-examined the People's witnesses and registered appropriate
objections,'" we are satisfied that defendant received meaningful
representation (<u>People v Fisher</u>, 126 AD3d 1048, 1052 [2015],
quoting <u>People v Cade</u>, 110 AD3d 1238, 1242 [2013], <u>lv denied</u> 22
NY3d 1155 [2014]).  Defendant's remaining contentions, including
those advanced in his pro se supplemental brief, have been
examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court