This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 22
The People &c.,
            Respondent,
        v.
Thomas Jackson,
            Appellant.


            Mitch Kessler, for appellant.
            Peter H. Willis, for respondent.


RIVERA, J.:

        Defendant Thomas Jackson alleges that his conviction should be reversed because the trial court issued an erroneous *Sandoval* ruling and denied his right to be present at a sidebar conference during jury selection. Defendant's first challenge is unpreserved and his second ground for reversal is unreviewable as

- 1 -

he validly waived the right he now seeks to assert.

Defendant was prosecuted on charges arising from unrelated sexual attacks on two female acquaintances. Before trial, the People moved for permission to question defendant, if he testified, about his prior convictions and bad acts pursuant to People v Sandoval (34 NY2d 371 [1974]), or for an appropriate *Sandoval* compromise.[1] As relevant to this appeal, the People sought to ask about a juvenile delinquency adjudication for offenses, which, if committed by an adult, constituted robbery in the first and second degrees.

At a combined *Sandoval/Molineux* hearing, defendant opposed the request "simply because they are juvenile offenses" and a young offender's mind and sense of values are not well formed. Although the People only sought to question defendant regarding the underlying facts of the adjudications, the court ruled that, as to one of the offenses, the People could elicit the fact that defendant was adjudicated a juvenile delinquent and received one year of probation, but not the facts underlying the adjudication.[2] Defendant did not object to the compromise

_____

[1] In order to "strik[e] a balance between the probative value of the prior convictions and the risk of prejudice" a trial court may "permit cross-examination only as to the existence of prior convictions, not their Penal Law names ('nature') or underlying circumstances. This balancing has long been called the '*Sandoval* compromise'" (People v Smith, 18 NY3d 588, 597 [2012] [Pigott, J., concurring]).

[2] The trial court also ruled that the People could not elicit any testimony regarding another juvenile delinquency

ruling.

At a subsequent hearing held pursuant to People v
Antommarchi (80 NY2d 247 [1992]), the court informed defendant
that he had a right to be present during sidebar conversations,
but that he would be accompanied by court officers since he was
in custody, and this would reveal his custodial status to the
jury.  The court further informed defendant that he could waive
the right to be present during sidebar conversations to avoid
this consequence and explained the nature of such a waiver.  The
court assured him that, "even if you sign the waiver, you can
come up at any time" and "you can revoke the waiver at any time."
The record establishes that defendant and his attorney had two
off-the-record conversations regarding the waiver.  Defendant
then signed the written waiver, attesting that, "having been
informed of his right to be present during sidebar discussions
with prospective jurors and/or discussions of law and after
consulting with his attorney," defendant "gives up his right to
be present."

Defendant was convicted of predatory sexual assault and
criminal sexual act in the first degree.  Thereafter, the court
imposed a sentence of 25 years to life upon his predatory sexual
assault conviction to run concurrently with a sentence of 25
years upon his criminal sexual act conviction, and ten years

---

adjudication and rendered compromise rulings regarding several
prior adult convictions.  Defendant does not challenge any of
these *Sandoval* rulings.

post-release supervision, an order of protection, and fines.

The Appellate Division affirmed the judgment concluding, inter alia, that the *Sandoval* ruling on the juvenile delinquency adjudication was harmless error and the defendant validly waived his right to be present at sidebar conferences (128 AD3d 1181 [2015]).  A Judge of this Court granted leave to appeal (26 NY3d 1089 [2015]) and we now affirm.

Defendant claims that the trial court erroneously ruled that the People could elicit on cross-examination the existence of his juvenile delinquency adjudication, and that such error is not harmless.  He also asserts that the court failed to secure a valid waiver of his right to be present at a sidebar conference during which he was excluded from the questioning of a prospective juror regarding her potential bias.

As with other questions of law concerning a ruling or instruction, a challenge based on a *Sandoval* error must be preserved for appellate review by a specific, timely objection (People v Cantave, 21 NY3d 374, 378 [2013]; People v Gray, 86 NY2d 10, 20-21 [1995]; CPL 470.05 [2]). "To preserve an issue for review, counsel must register an objection and apprise the court of grounds upon which the objection is based 'at the time' of the allegedly erroneous ruling 'or at any subsequent time when the court had an opportunity of effectively changing the same'" (Cantave, 21 NY3d at 378, quoting CPL 470.05 [2]).  The salutary goal of this well-established preservation requirement is to

avoid the need for an appeal and "provide the opportunity for cure before a verdict is reached and a cure is no longer possible" (People v Gray, 86 NY2d 10, 20-21 [1995]; see People v Michael, 48 NY2d 1, 6 [1979] [the requirement is "grounded in large part in the need to preserve limited judicial resources and avoid untoward delay in the resolution of criminal proceedings"]).

Under the unique factual circumstances of this case and based on the trial court's colloquy with counsel, we conclude that defendant's challenge to the *Sandoval* ruling is unpreserved. Defendant did not make the argument he now asserts at the time of the alleged erroneous ruling, or at any time at all. Instead, he argued, against the People's initial proffer, that the court should deny the request because defendant's actions should not be judged based on a young offender's undeveloped mind and sense of values. Defendant failed to argue that it would be legal error to permit the People to elicit that defendant was adjudicated a juvenile delinquent (see People v Greer, 42 NY2d 170, 176 [1977]; People v Gray, 84 NY2d 709, 712 [1995]). Defendant did not make that argument before or after the compromise ruling, or at any point during the proceedings "when the court had the 'opportunity of effectively chang[ing]' its ruling" (Cantave, 21 NY3d at 370) and avoiding the error of which defendant now complains.

Nor, as defendant contends, is the specific issue preserved under CPL 470.05 (2) because the trial court ruled on

the legal merits of his claim in response to a protest. Under CPL 470.05 (2), an issue is preserved "if in response to a protest by a party, the court expressly decided the question raised on appeal." At the colloquy, defendant objected not on grounds of a legal prohibition, but on the basis that juveniles have not achieved the equivalent mental and social development of adults. The People consistently requested permission to inquire as to the underlying facts, and neither the defendant nor the People ever registered a complaint to the Court's ruling. Without defendant's objection the court had no way of knowing that defendant believed the court's ultimate decision was erroneous. The trial judge, therefore, had no opportunity to "specifically confront[] and resolve[]" the issue defendant raises on appeal (People v Feingold, 7 NY3d 288, 290 [2006]). Given these circumstances, we cannot say that the trial court "expressly decided," meaning that it considered, whether its *Sandoval* compromise was objectionable to the parties (see People v Graham, 25 NY3d 994, 997 [2015] [finding the trial court's decision was not "focused" on the issue raised on appeal and therefore that issue was not "expressly decided"]; People v Smith, 22 NY3d 462, 465 [2013]).

It would be a different case if defendant specifically objected to points raised in the proffer and the court ruled in the People's favor, on the precise grounds cited by the People. In such case defendant's argument might fit within the language

of CPL 470.05 (2), rendering it unnecessary for a defendant to
register an objection after the ruling (see People v Finch, 23
NY3d 408, 416 [2014]). However, where, as here, the ruling is not
at all what the People requested, defendant must make the court
aware of an objection to that ruling.[3]

Defendant's additional claim that he was denied his
right to be present at a sidebar conference regarding the
potential bias of a prospective juror is not reviewable as he
waived his right. Under section 260.20 of the CPL, "[a]
defendant must be personally present during the trial of an
indictment." In People v Antommarchi, this Court held that a
court cannot "explore prospective jurors' backgrounds and their
ability to weigh the evidence objectively unless defendant is
present" (80 NY2d at 250). However, a defendant may waive the
right to be present at sidebar (People v Vargas, 88 NY2d 363,
375-376 [1996]).

Here, the court informed defendant of his right to be
present at sidebar conferences, defendant consulted with his
attorney regarding the waiver of this right, his attorney
indicated that defendant understood the waiver and would sign it,

---

[3] Defendant is incorrect when he claims that the People
forfeited their preservation argument by not raising it in the
Appellate Division. This Court may consider any question of law
"regardless of whether such question was raised, considered or
determined upon the appeal to the intermediate appellate court"
(CPL 470.35 [1]; 470.05 [2]; see People v Baumann & Sons Buses,
Inc., 6 NY3d 404, 406-407 [2006]).

and defendant signed a clearly worded waiver form.  During the court's discussion with defendant regarding the waiver, the court went so far as to inform defendant that "even if you sign the waiver, you can come up at any time."  Under these circumstances, defendant validly waived his rights.

To the extent defendant argues that his off-the-record conversations with counsel did not sufficiently apprise him of his rights, he relies on matters dehors the record and beyond review by this Court on direct appeal.  Such claims are more appropriately considered on a CPL 440.10 motion (People v Brown, 17 NY3d 863, 866 [2011]).

The Appellate Division order should be affirmed.

People v Jackson

No. 22




FAHEY, J. (concurring):

I agree with the majority that defendant's waiver of his Antommarchi rights was valid. I respectfully disagree, however, with the conclusion that defendant's challenge to the trial court's Sandoval ruling is not preserved for appellate review.

Before trial, the People requested permission to impeach defendant's credibility if he chose to testify with, among other things, the facts underlying two juvenile delinquency adjudications. Defense counsel objected during the Sandoval hearing, arguing that the court should "exclude them simply because they are juvenile offenses," and because "an individual's mind and sense of values . . . are not well formed as a juvenile." In response, the prosecutor informed the court that "the Court of Appeals has said that the court can allow inquiry not necessarily into the fact that somebody was adjudicated a delinquent but can go into the . . . facts and circumstances surrounding the actions of the defendant."

Despite this explanation from the People, with respect to the first adjudication, the court ruled that the prosecutor could question defendant about the fact that he was adjudicated a

- 1 -

juvenile delinquent in response to the charge of robbery in the second degree and that the adjudication resulted in a year of probation. Defense counsel said nothing further with respect to the court's ruling on that adjudication.

Defendant now contends that the court's Sandoval ruling was erroneous insofar as the court held that the People could question defendant about the fact that he was adjudicated a juvenile delinquent (see People v Gray, 84 NY2d 709, 712 [1995]; People v Greer, 42 NY2d 170, 176 [1977]). The Appellate Division concluded that the trial court erred, but that the error is harmless (see People v Jackson, 128 AD3d 1181, 1182-1183 [3d Dept 2015]).

Although defense counsel's initial objection alone was not sufficiently specific to preserve his contention for appellate review, the prosecutor thereafter correctly informed the court that defendant's juvenile delinquency adjudication could not be used for impeachment purposes and that only the facts and circumstances underlying the offense were the proper subject of impeachment. The court nevertheless held essentially the opposite: that the prosecutor could question defendant, if he testified, about the fact that he was adjudicated a juvenile delinquent, but not the facts and circumstances underlying the offense. Although defendant's initial protest was general, the trial court "expressly decided the question raised on appeal" (CPL 470.05 [2]; see People v Smith, 22 NY3d 462, 465 [2013];

People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]).  Defendant's contention is therefore preserved for appellate review.

The People correctly concede that the trial court's Sandoval ruling was erroneous (see Gray, 84 NY2d at 712).  Under the circumstances of this case, however, I agree with the Appellate Division that the trial court's Sandoval ruling is harmless error (see People v Grant, 7 NY3d 421, 424-426 [2006]).  I therefore concur in the result.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed.  Opinion by Judge Rivera.  Chief Judge DiFiore and Judges Stein, Garcia and Wilson concur.  Judge Fahey concurs in result in a separate concurring opinion in which Judge Abdus-Salaam concurs.

Decided March 28, 2017