Fahey, J.
(concurring). I agree with the majority that defendant’s waiver of his Antommarchi rights was valid. I respectfully disagree, however, with the conclusion that defendant’s challenge to the trial court’s Sandoval ruling is not preserved for appellate review.
*25 Before trial, the People requested permission to impeach defendant’s credibility if he chose to testify with, among other things, the facts underlying two juvenile delinquency adjudications. Defense counsel objected during the Sandoval hearing, arguing that the court should “exclude them simply because they are juvenile offenses,” and because “an individual’s mind and sense of values . . . are not well formed as a juvenile.” In response, the prosecutor informed the court that “the Court of Appeals has said that the court can allow inquiry not necessarily into the fact that somebody was adjudicated a delinquent but can go into the . . . facts and circumstances surrounding the actions of the defendant.”
Despite this explanation from the People, with respect to the first adjudication, the court ruled that the prosecutor could question defendant about the fact that he was adjudicated a juvenile delinquent in response to the charge of robbery in the second degree and that the adjudication resulted in a year of probation. Defense counsel said nothing further with respect to the court’s ruling on that adjudication.
Defendant now contends that the court’s Sandoval ruling was erroneous insofar as the court held that the People could question defendant about the fact that he was adjudicated a juvenile delinquent (see People v Gray, 84 NY2d 709, 712 [1995]; People v Greer, 42 NY2d 170, 176 [1977]). The Appellate Division concluded that the trial court erred, but that the error is harmless (see People v Jackson, 128 AD3d 1181, 1182-1183 [3d Dept 2015]).
Although defense counsel’s initial objection alone was not sufficiently specific to preserve his contention for appellate review, the prosecutor thereafter correctly informed the court that defendant’s juvenile delinquency adjudication could not be used for impeachment purposes and that only the facts and circumstances underlying the offense were the proper subject of impeachment. The court nevertheless held essentially the opposite: that the prosecutor could question defendant, if he testified, about the fact that he was adjudicated a juvenile delinquent, but not the facts and circumstances underlying the offense. Although defendant’s initial protest was general, the trial court “expressly decided the question raised on appeal” (CPL 470.05 [2]; see People v Smith, 22 NY3d 462, 465 [2013]; People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]). Defendant’s contention is therefore preserved for appellate review.
*26 The People correctly concede that the trial court’s Sandoval ruling was erroneous (see Gray, 84 NY2d at 712). Under the circumstances of this case, however, I agree with the Appellate Division that the trial court’s Sandoval ruling is harmless error (see People v Grant, 7 NY3d 421, 424-426 [2006]). I therefore concur in the result.
Chief Judge DiFiore and Judges Stein, Garcia and Wilson concur; Judge Fahey concurs in result in a separate concurring opinion in which Judge Abdus-Salaam concurs.
Order affirmed.