■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON McGEE, Appellant. [625 NYS2d 248] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 12, 1993, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant concedes, his challenge to the sufficiency of the evidence that he knowingly possessed five hundred milligrams or more of cocaine is unpreserved for appellate review (see, People v Okehoffurum, 201 AD2d 508; cf., People v Hill, 85 NY2d 256). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's knowledge of the weight of the cocaine beyond a reasonable doubt (see, People v Ryan, 82 NY2d 497, 505-506). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Prior to jury selection the defendant signed a document which stated that he waived his "right to be present at any sidebar conference during which prospective jurors are questioned concerning their qualifications to serve as jurors". Accordingly, the defendant's contention that he was deprived of his right to be present during a sidebar conference with prospective jurors is without merit (see, People v Mitchell, 80 NY2d 519, 525).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.