■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED PEOPLE, Appellant. [637 NYS2d 204] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 11, 1994, convicting him of rape in the first degree, sexual abuse in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant signed a written document stating that he

waived his right to be present at sidebar discussions with prospective jurors, that he had a full opportunity to discuss this matter with his attorney and that he had signed the waiver "in open court, in the presence of this Court, and with the approval of this Court and with the advice and consent of his attorney". The document was also signed by the court and by defense counsel. Accordingly, the defendant's contention that he did not voluntarily, knowingly and intelligently waive his right to be present during sidebar conferences with prospective jurors is without merit (*see, e.g., People v McGee*, 208 AD2d 388; *see also, People v Epps*, 37 NY2d 343, 349-350, *cert denied* 423 US 999).

Contrary to the defendant's contention, the remarks by the prosecutor were fair comment on the evidence and constituted legitimate responses to the defense counsel's summation (*see, People v Galloway*, 54 NY2d 396; *see also, People v Ashwal*, 39 NY2d 105). Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.