◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHIE LEPCZYNSKI, Appellant. [659 NYS2d 53] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered September 21, 1995, convicting him of menacing in the second degree, attempted burglary in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of attempted burglary in the first degree and criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see*, CPL 470.15 [5]).

We reject the defendant's contention that he was denied his fundamental right to be present at all material stages of the trial when the court heard further argument on his *Sandoval* motion and made its ruling in his absence. A review of the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to be present when defense counsel informed the court, in the defendant's presence, that the defendant had signed a written waiver indicating that he was fully advised of his rights and that he agreed to waive his right to be present (*see, People v Rivera*, 237 AD2d 539; *People v People*, 223 AD2d 732; *People v Thomas*, 221 AD2d 388; *People v McGee*, 214 AD2d 587).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.