■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SMITH, Appellant. [675 NYS2d 905] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Egitto, J.), dated October 5, 1995, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of 12½ to 25 years and 2⅓ to 7 years imprisonment, respectively, and (2) an amended judgment of the same court (Hall, J.), rendered March 11, 1997, modifying the sentences imposed to 8⅓ to 25 years and 5 to 15 years imprisonment, respectively.

Ordered that the judgment rendered October 5, 1995, is affirmed; and it is further,

Ordered that the amended judgment is modified, on the law, by vacating the resentence of an indeterminate term of 5 to 15 years imprisonment imposed upon the conviction of criminal possession of a weapon in the second degree and reinstating the original sentence of an indeterminate term of 2⅓ to 7 years imprisonment; as so modified, the resentence is affirmed.

The record establishes that defendant effectively waived his right to be present at sidebar conferences with prospective jurors (*see, People v Antommarchi*, 80 NY2d 247). The defendant and his counsel signed a written waiver form in which the defendant acknowledged that he had consulted with his attorney, that he had been informed of his right to be present, and that he wished to give up that right (*see, People v People*, 223 AD2d 732; *People v McGee*, 214 AD2d 587).

Upon resentencing the defendant, the court should not have disturbed the original sentence imposed on the conviction of criminal possession of a weapon in the second degree (*see, People v Hoppie*, 220 AD2d 528).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.