■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JACKSON, Appellant. [875 NYS2d 115]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered April 3, 2006, convicting him of aggravated criminal contempt, criminal contempt in the first degree (three counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to be present during sidebar questioning of prospective jurors (*see People v Antommarchi*, 80 NY2d 247 [1992]). The defendant, defense counsel, and the court signed a valid written waiver (*see People v Velasquez*, 1 NY3d 44, 49 [2003]; *People v Smith*, 253 AD2d 470, 471 [1998]), and the defendant did not object to being absent during sidebar conferences (*see People v People*, 223 AD2d 732, 732-733 [1996]).

The defendant contends that the court erred in denying his challenge for cause to a prospective juror who failed to provide unequivocal assurance that he could be fair and impartial. Since the defendant failed to exercise an available peremptory challenge against the prospective juror after the court denied his challenge for cause, any claim as to that juror is deemed waived (*see* CPL 270.20 [2]; *People v Foster*, 64 NY2d 1144, 1146 [1985]; *People v Pagan*, 191 AD2d 651 [1993]).

Moreover, contrary to the defendant's contention, defense counsel's failure to exercise a peremptory challenge against that prospective juror after the court denied his challenge for cause did not constitute ineffective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]). Viewed in totality, the record reveals that the attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.