THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES R. CRUMBLE, Appellant.

Argued April 22, 1941; decided June 10, 1941.

*Francis L. Valente, Gerald P. Culkin* and *Pauline O. Field* for appellant. The trial court committed reversible error in its charge to the jury. (*People* v. *Koerber,* 244 N. Y. 147; *People* v. *Leonardi,* 143 N. Y. 360; *People* v. *Mills,* 98 N. Y. 176; *People* v. *Sangamino,* 258 N. Y. 85; *People* v. *Ohanian,* 245 N. Y. 227.)

*Thomas E. Dewey, District Attorney (Stanley H. Fuld* and *Harris B. Steinberg* of counsel), for respondent. The court's instructions were proper. (*People* v. *Gerdvine,* 210 N. Y. 184; *People* v. *Koerber,* 244 N. Y. 147; *People* v. *Pekarz,* 185 N. Y. 470; *People* v. *Leonardi,* 143 N. Y. 360; *People* v. *Kemmler,* 119 N. Y. 580; *People* v. *Mills,* 98 N. Y. 176; *People* v. *Johnson,* 185 N. Y. 219; *People* v. *Flanigan,* 174 N. Y. 356; *People* v. *Radcliffe,* 232 N. Y. 249; *People* v. *Katz,* 209 N. Y. 311.)

*Per Curiam.* The defendant has been convicted of murder in the first degree. The deceased had been his mistress. He admitted he had inflicted the stab wounds that resulted in her death. His only claim was that when this occurred his intelligence was suspended by drunkenness. Accordingly, the trial judge in his charge said to the jury, " In fact, there is not much dispute here as to what really happened, except as to the mental condition of the defendant at the time that he cut this girl."

In *People* v. *Leonardi* (143 N. Y. 360) we said: " By our statute deliberation and premeditation are necessary constituents of the crime of murder in the first degree, and if by reason of intoxication the jury should be of opinion that the deliberation or premeditation necessary to constitute murder in the first degree did not exist, the crime is reduced to a lower grade of murder, or in the absence of any intent to kill, then to manslaughter in some of its grades. The intoxication need not be to the extent of depriving the accused of all power of volition or of all ability to form an intent " (p. 366). The defendant's request that the jury be

charged conformably to that statement of the law was not complied with. Instead, the trial judge gave this instruction, which is certainly not consistent with the rule accurately stated in the *Leonardi* case: "The question in this case is not whether the defendant had drunk some liquor or whether he had smoked some cigarettes, but whether the doing of those acts, if you find that he did do them voluntarily, produced a state of mind in him of such a character as to destroy the power to form the particular intent, deliberation and premeditation, which are necessary elements to the crime of murder in the first degree."

On the other hand, the degrees of homicide were submitted to the jury; the statute in respect of intoxication as a defense was read to them (Penal Law, § 1220); and they were instructed that any intoxication of the defendant was to be considered by them on the issue as to the degree of the offense. At the same time, however, the court refused to announce the following text of section 390 of the Code of Criminal Procedure: "When it appears, that a defendant has committed a crime, and there is reasonable ground of doubt, in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only."

Though we agree that the defendant's criticism of the charge in these respects is not without substance, yet a majority of the court are of the opinion that the conviction should be affirmed on the ground that there was no error which affected any substantial right of the defendant. (See Code Crim. Proc. § 542.) In reaching that conclusion we read the charge as a whole and view its effect against the background of the evidence produced at the trial and the manner in which the case was tried. So viewed we conclude that the charge as a whole constitutes a submission to the jury, in language which the jurors could understand, of the questions of fact upon which a finding of guilt must rest and that the errors or inaccuracies to which we have referred could hardly have misled them.

The judgment of conviction should be affirmed.

LOUGHRAN and RIPPEY, JJ., dissent in the following memorandum: We agree that the errors must be examined in the light of the record as a whole. Looking at the case that way, we are not satisfied that there was a sufficient submission to the jury of the one question upon which the life of the defendant depended.

LEHMAN, Ch. J., FINCH, LEWIS, CONWAY and DESMOND, JJ., concur in *per curiam* opinion; LOUGHRAN and RIPPEY, JJ., dissent in separate memorandum.

Judgment of conviction affirmed.