■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND L. KASTENHUBER, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 21, 1976, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. Some time after midnight on August 30, 1975, the defendant was seen by an acquaintance to exit from a garage with a snowblower owned by postal authorities, place it on his truck, and drive away. It was recovered later that same day from behind defendant's residence. The defendant at first volunteered that he had purchased the machine from one Arnold, but in a later written statement explained that he had taken it as a gag or practical joke with no intent to steal or profit from his act, thinking it belonged to one Barnes. The jury was obviously unimpressed by either of these conflicting accounts and we conclude that his guilt stands established by overwhelming proof. Given the range of defendant's extensive prior criminal involvement, we find no abuse of discretion attending the sentence imposed by the trial court and, in the ordinary case, would affirm this judgment without further comment. However, defendant also asserts that the trial court erred in its instructions to the jury and, since we agree, it becomes necessary to consider whether a new trial is warranted. There was some evidence that the defendant had been drinking before this incident and the trial court correctly employed the language of section 15.25 of the Penal Law in advising the jury on the subject during its main charge. In response to an oral request of the prosecutor to charge that an individual's intoxication must proceed to the point of unconsciousness before it could negate the

element of intent, the trial court repeated its initial instruction, but then seemingly agreed with this position after a brief exchange and finally stated, "I so charge". An exception was taken to this additional material and a question of law was thus preserved for our review (CPL 470.05, subd 2). The prosecutor's request was clearly contrary to the legal principle involved for "intoxication need not be to the extent of depriving the accused of all power of volition or of all ability to form an intent" *(People v Leonardi,* 143 NY 360, 366). Nevertheless, not every error of this type mandates that corrective action be taken (see *People v Kingston,* 8 NY2d 384), and where the evidence of guilt is overwhelming, as here, we must further inquire whether such an error tainted or infected the verdict to the extent that a significant probability of acquittal existed had it not occurred *(People v Crimmins,* 36 NY2d 230). An incorrect instruction on the issue of intoxication produced a new trial in *People v Leonardi (supra),* as a matter of discretion in the interest of justice, yet in the later case of *People v Crumble* (286 NY 24) another murder conviction was affirmed despite a defense request for a proper charge and an apparent exception to an inaccurate instruction that the intoxication generate a state of mind sufficient " 'to destroy the power to form the particular intent' " (p 26). In this case the trial court utilized the proper statutory wording twice and did not personally mouth the prosecutor's improper request. Viewing the record in its entirety and the manner in which the factual issues were developed, we do not believe that its action in stating "I so charge" produced any meaningful impact on the jury. Even if this introduced an element of confusion in the minds of some of the jurors, we cannot say it overrode an understanding of the proper portions of the charge and, considering the skimpy proof of defendant's supposed intoxication, we doubt that any significant probability of acquittal ever existed. Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.