THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN LEARY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction for manslaughter in the first degree and attempted rape in the first degree. He contends among other things that the evidence was insufficient to support the verdict of the crime of attempted rape, and that the court committed reversible error in failing to charge the jury the effect of intoxication on the intent required for murder in the second degree and manslaughter in the first or second degree. In his confession, properly received in evidence, appellant admitted that he entered his victim's bedroom and lay down in her bed beside her to "make out" with her; that she protested and he left to get a weapon; that he returned and lay down on the bed beside her and tried again to "make out" with her; and that because she protested again, he stabbed her. To be guilty of an attempt to commit a crime the accused must perform an overt act which "carr[ies] the project forward within dangerous proximity of the criminal end to be attained." *(People v Ditchik,* 288 NY 95, 96; *People v*

*Payne,* 35 NY2d 22, 28-29.) Clearly, here, the appellant has "gone beyond the preparation stage" *(People v Streiff,* 41 AD2d 259, 268, revd on other grounds *sub nom. People v Payne,* 35 NY2d 22; see, also, *People v Harley,* 52 AD2d 698). The jury could well have determined that there was proof beyond a reasonable doubt that the appellant attempted to commit rape in the first degree. In its instructions to the jury, the court below correctly charged: "in any prosecution for an offense evidence of intoxication of the Defendant may be offered * * * whenever it is relevant to negative an element of the crime charged * * * The question, therefore, is not whether the defendant was drunk, but whether his intoxication, if you find there was such, was of such a character that it destroyed the power to form the particular intent which is a necessary element of the crimes charged". It properly instructed the jury that the defendant's intoxication related to his ability to form a criminal intent *(People v Crumble,* 286 NY 24; *People v Koerber,* 244 NY 147), and that certain crimes of which the defendant was charged require a specific intent. The charge as a whole clearly instructed the jury that manslaughter second required no specific intent. The court's failure expressly to relate intoxication to each degree of homicide was not error. Even if the court's charge were error, it was harmless *(People v Crimmins,* 36 NY2d 230; *People v Kastenhuber,* 57 AD2d 655; see, also, *People v Crumble, supra).* The court has considered the other issues raised by appellant in this appeal and finds them without merit. (Appeal from judgment of Monroe Supreme Court—manslaughter, first degree, and attempted rape, first degree.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.