■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARLETON MITCHELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of first degree manslaughter for having intentionally caused the death of his girlfriend, Audrey Miller, "under circumstances which do not constitute murder because he act[ed] under the influence of extreme emotional disturbance". (Penal Law, § 125.20, subd 2.) On appeal, his chief contention is that the trial court erred in charging the jury on intoxication (Penal Law, § 15.25). At the end of its charge, after giving full instructions on intoxication and the defense of insanity, the court in summarizing the various verdicts that the jury might return stated: "If you find that * * * Audrey Miller was killed by the defendant, but at the time he did not intend to kill Audrey Miller because he was unable to form an intent because of the extent and nature of his intoxication, that he was absolutely incapable of forming any intent of any kind at that time, then your verdict would also be not guilty." The phrase "that he was absolutely incapable of forming any intent of any kind at that time" was misleading because, standing alone, it could be taken as an improper instruction to the jury as to the minimum degree of intoxication required in order to negate the intent essential for the commission of the crime *(People v Leonardi, 143 NY 360).* A jury charge must be considered as a whole, however, against the background of the evidence produced and the manner in which the case was tried *(People v Crumble, 286 NY 24, 26; People v Johnson, 185 NY 219, 232).*

When so viewed, the entire charge on intoxication, during which the court read the text of the statute (Penal Law, § 15.25), may be interpreted as a proper instruction to the effect that the jury should consider the evidence of defendant's intoxication in determining whether he was capable of forming the particular intent required to be established as an essential element of the crime charged *(People v Koerber,* 244 NY 147). The only portion of the charge to which defendant excepted was the court's reference to his being "so intoxicated that he did not know what he was doing." Such statement, however, referred to a summary of defendant's proof and contentions during trial and not to a definition of the degree of intoxication required to "negate" the necessary intent. (Penal Law, § 15.25.) Accordingly, we hold that the court's charge on intoxication, "read as a whole and view[ed] against the background of the evidence produced at the trial and the manner in which the case was tried" *(People v Crumble, supra,* p 26) did not constitute reversible error (see *People v Koerber, supra; People v Leary,* 64 AD2d 825). In so holding, we note that defense counsel filed no written request to charge on intoxication and after making his single brief exception, declined three invitations by the court to request additional, corrective, or clarifying instructions. We also observe that all of the witnesses, including defendant's former common-law wife, Roberta Zimmer, the key witness to the crime, testified that the defendant was not intoxicated. The only proof of intoxication was the defendant's testimony. His assertion on summation that he was wholly incapable of forming any logical thought at the time of the stabbing was repudiated by the contrary testimony of the witnesses and the cogent circumstantial evidence of his condition as shown by his actions in making telephone arrangements to meet the victim and Zimmer at his apartment and arriving at the appointed time; unlocking and entering his apartment without any difficulty; following the victim into the bedroom, locking the door behind them, stabbing her eight times and taking care to pocket the knife; upon leaving the bedroom responding to Zimmer's statement that she had called the police by telling her that it did not matter because Audrey Miller was already dead; locking and checking the apartment door upon leaving; and following Zimmer down the street, changing direction whenever she did. It is apparent that in presenting the issue in regard to intoxication to the jury in its charge, the court was attempting to do so in the context of defendant's own proof and his contentions as to the exaggerated state of his intoxication. Thus, under the charge as given, even if it be viewed as unduly restrictive, the jury, if it had chosen to accept defendant's testimony as to his condition, could have brought in a verdict of acquittal. We must conclude, therefore, that, if the charge on intoxication had been free from any error, there would not have been "a significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant." *(People v Crimmins,* 36 NY2d 230, 242.) The error, if any, was harmless. We find no error in the court's charge on first degree manslaughter under subdivision 2 of section 125.20 of the Penal Law. The term "murder" appears in the statute, and the court necessarily referred to the crime of murder in explaining that: "Ordinarily if someone intends to cause the death of a person and causes the death of the person, that is murder. However, when a person causes or intends to cause the death of a person and causes the death of that person under extreme emotional disturbance then it becomes a lesser degree of homicide, specifically, manslaughter in the first degree." In spelling out the distinction between an intentional homicide under extreme emotional disturbance and murder the court emphasized that the charge against the defendant was not

murder, but manslaughter. *People v Coleman* (7 AD2d 155) and *People v Nicoll* (3 AD2d 64), where the trial court gratuitously gave completely irrelevant instructions on uncharged crimes, are inapposite. Defendant's other asserted grounds for reversal are without merit. (Appeal from judgment of Monroe Supreme Court—manslaughter, first degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.