■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVINDER GUPTA, Also Known as RAVI, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant's confession obtained by police the day following his indictment should have been suppressed. Defendant's "indelible" constitutional right to counsel had attached (see *People v Cullen,* 50 NY2d 168; *People v Samuels,* 49 NY2d 218) and the waiver of his *Miranda* rights (*Miranda v Arizona,* 384 US 436) in the absence of counsel was, therefore, ineffective. There is no merit to defendant's contention that he was twice placed in jeopardy for the same charges because the trial court in his first trial had declared a mistrial due to the illness of a juror. Defendant's counsel refused to consent to the continuation of the trial with a substituted alternate juror and affirmatively declared on the record that a mistrial should be granted (see *People v Singletary,* 54 AD2d 767; *Matter of Napoli v Supreme Ct. of State of N. Y.,* 40 AD2d 159, affd 33 NY2d 980, cert den 417 US 947). (Appeal from judgment of Monroe County Court—criminal sale of controlled substance, second degree, and another charge.) Present—Simons, J. P.; Hancock, Jr., Schnepp, Doerr and Moule, JJ.