THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHN STAFFORD, Appellant.

Fourth Department, March 27, 1981

APPEARANCES OF COUNSEL

*George P. Doyle* for appellant.

*Edward C. Cosgrove, District Attorney (Kurt Sajda*
of counsel), for respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

Defendant in his appeal from convictions after a

jury trial for conspiracy in the second degree and criminal possession of a controlled substance in the fifth degree seeks a reversal and a new trial upon, among other grounds, a claimed error by the court in charging subdivisions 2 (agreement in New York to commit a crime in another State) and 3 (agreement in another State to commit a crime in New York) of section 105.25 of the Penal Law. For reasons to be discussed, we conclude that, although the charge was error, it does not require a reversal.

The first count of the indictment charged defendant and others with conspiracy, second degree (Penal Law, former § 105.10) in that he and others in Erie County, each being intentionally aided by the others (Penal Law, § 20.00), agreed to possess more than one ounce of marihuana, a class C felony under New York law (Penal Law, § 220.09, subd 10). The indictment alleged overt acts in furtherance of the conspiracy as follows: defendant and one Paul Perry shipped by air freight to Buffalo, New York from Tucson, Arizona, a trunk containing more than one ounce of marihuana; defendant in Erie County offered one Bayla Gumins $200 to pick up the trunk at Buffalo International Airport and to deliver it to Susan Schwartz in Buffalo and loaned Gumins his automobile to do so; and Gumins caused the trunk to be loaded into defendant's car at the Buffalo airport. The second count of the indictment accused defendant and others, each being intentionally aided by the others (Penal Law, §20.00), of possessing in Erie County more than one ounce of marihuana constituting the crime of criminal possession, fifth degree (Penal Law, § 220.09, subd 10). The indictment stated that counts one and two were based on the same criminal transaction.

At trial, Paul Perry testified that in January, 1977 at defendant's instance he agreed in New York to help defendant transport marihuana from Arizona to New York for a profit. Perry and defendant drove to Arizona, purchased the marihuana, and placed it in a footlocker which on February 21, 1977 they shipped by air freight to Susan Schwartz (Maychoss) in Buffalo, New York. Harry Gregg, American Airlines clerk, stated that two men, one of whom he identified as defendant, brought a trunk addressed to Susan Schwartz to the air freight terminal in Tucson,

Arizona. A detective with the Tucson Police Department, John Bright, testified that, prompted by a call from an airline clerk, he examined a trunk in the Tucson airport. Pursuant to a telephonic search warrant he opened the trunk, which contained marihuana. After notifying New York State Police he returned the trunk to the airline for shipping. Richard Flis, a New York State Police Officer, stated that on February 22, 1977, based on information from Arizona police, he secured a search warrant for the trunk, contacted the airline, and placed the trunk under surveillance. When Gumins, after signing for the trunk, had airline employees load it into the automobile, Flis and others arrested her and seized the trunk and vehicle. Bayla Gumins testified that on February 22, 1977 defendant offered her money to pick up a trunk at the Buffalo airport and loaned her his car and that when she had the trunk placed in the car she was arrested. A police chemist testified that the trunk contained 117 pounds of marihuana.

Subdivisions 2 and 3 of section 105.25 of the Penal Law, which the court read to the jury in full and to which the defendant excepted, pertain to an agreement made in New York to commit a crime in another jurisdiction (§ 105.25, subd 2) and an agreement made in another jurisdiction to commit a crime in New York (§ 105.25, subd 3). Because the indictment refers only to an agreement made in New York to commit the offense under the New York Penal Law of criminal possession of a controlled substance in the fifth degree, a class C felony, and contains no reference to an agreement to engage in conduct constituting a crime in Arizona, subdivision 2 of section 105.25 of the Penal Law was inapplicable and should not have been charged. Likewise, since the indictment alleged without ambiguity that the agreement was made in New York and contained no reference to an agreement in Arizona, the charge of subdivision 3 of section 105.25 of the Penal Law was improper. The question to be discussed is whether either error was so prejudicial as to require reversal. As stated, we think not.

We turn first to subdivision 2 of section 105.25 of the Penal Law which reads: "An agreement made within this

state to engage in or cause the performance of conduct in another jurisdiction is punishable herein as a conspiracy only when such conduct would constitute a crime both under the laws of this state if performed herein and under the laws of the other jurisdiction if performed therein."

The purpose of the section is to protect a defendant charged with agreeing in New York to commit a crime in another State by requiring that the conduct which is the subject of the conspiracy constitute a crime both in New York and in the other State. Thus, to adopt the illustration used by Arnold D. Hechtman in his Practice Commentaries (McKinney's Cons Laws of NY, Book 39, Penal Law, § 105.25, p 307), a defendant may not be prosecuted for an agreement made in New York to run a gambling establishment in Nevada because the conduct while illegal in New York is legal in Nevada. Defendant does not argue that possession of marihuana was not a crime in Arizona or that he could not under a proper indictment have been found guilty under subdivision 2 of section 105.25 of the Penal Law of an agreement to possess marihuana in violation of Arizona law. Indeed, the uncontradicted proof is that the overt acts shown to have taken place in Arizona (i.e., purchasing the marihuana and delivering the footlocker containing the substance to the airline for shipping) constituted the crime of possession of marihuana in Arizona, a felony under the law of that State (Ariz Rev Stat, § 36-1002.05 [1961]).

Defendant argues rather that by referring to "[a]n agreement made within this state to engage in or cause the performance of conduct in another jurisdiction" the court was, in effect, instructing the jury that it could find the defendant guilty of an offense other than the one alleged in the indictment, i.e., conspiracy based on an agreement to possess marihuana in Arizona in violation of Arizona law instead of an agreement to possess the contraband in New York in violation of New York law. We reject this argument.

The conspiracy count of the indictment alleges that the conduct which the conspirators allegedly agreed to perform constituted "a class C felony * * * to wit: a violation of section 220.09-10 of the Penal Law of the State of New

York." The court in unmistakable terms instructed the jury that to find the defendant guilty it would have to find him guilty of "each and every element of the crimes charged in the indictment beyond a reasonable doubt." One of these elements with respect to the conspiracy count was that the intended conduct for which the corrupt agreement was formed must be a class C felony—i.e., criminal possession of one or more ounces of marihuana in violation of subdivision 10 of section 220.09 of the New York Penal Law—the identical violation of New York law with which defendant was charged in the second count of the indictment. Any suggestion that the jurors could, despite the unambiguous language in the indictment and the court's clear-cut instructions in the balance of the charge, have been confused by the court's reference to subdivision 2 of section 105.25 of the Penal Law and, as a result, convicted defendant under the first count of conspiring to possess marihuana in Arizona in violation of Arizona law must be dispelled by the guilty verdict on the second count—a finding that the defendant, beyond a reasonable doubt, possessed more than one ounce of marihuana in New York in violation of subdivision 10 of section 220.09 of the New York Penal Law. Reading the court's charge as a whole "against the background of the evidence produced and the manner in which the case was tried *(People v Crumble,* 286 NY 24, 26; *People v Johnson,* 185 NY 219, 232)" *(People v Mitchell,* 72 AD2d 920), we must conclude that had the reference to subdivision 2 of section 105.25 of the Penal Law been omitted from the charge, there would not have been "a significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant" *(People v Crimmins,* 36 NY2d 230, 242). The error was harmless.

By the same token, we find no basis for reversal in the court's reference in the charge to subdivision 3 of section 105.25 of the Penal Law. The indictment, the openings, the testimony of the coconspirator Perry, and the court's charge all relate to an agreement made in New York to possess marihuana illegally in New York with overt acts committed in furtherance of the agreement both in Arizona and New York. There can have been no confusion engendered by the single reference in the lengthy charge to a statute

pertaining to an agreement made in Arizona which obviously had no relevance to the indictment, the proof or the rest of the court's instructions. In view of the overwhelming proof of guilt, we consider the irrelevant reference to the section to have been harmless surplusage (see *People v Crimmins, supra*).

■ We find no abuse of discretion in the denial without a hearing as untimely (CPL 255.20, 710.40) of defendant's pretrial motions to suppress the physical evidence based on the asserted illegal inspection of the trunk in Arizona and illegal search and seizure thereof in New York and for a *Wade* hearing *(United States v Wade*, 388 US 218) pertaining to the identification testimony of Harry Gregg, the airline agent who had accepted the trunk for shipment in Arizona and who before the arraignment had identified defendant in two photographic arrays. At the arraignment on July 8, 1977 the court had granted defendant an adjournment of 45 days within which to prepare motion papers. Defendant did not make his motions until March 14, 1978, more than eight months after the arraignment and about six and one-half months after the expiration of the 45-day period prescribed by statute (CPL 255.20, 710.40) and provided by the court. There is no showing that defendant ever offered an excuse for the delay. The record reveals that at the time of the arraignment defendant knew that the police in Arizona had opened the trunk. Furthermore, defendant was aware of the photographic identification inasmuch as the CPL 710.30 notice made specific reference thereto. Nor was there abuse of discretion in the denial by the trial court of the renewal of the motions during trial. Defendant failed to establish "additional pertinent facts * * * which he could not have discovered with reasonable diligence" before the determination of the pretrial motion (CPL 710.40, subd 4; see *People v Egan*, 72 AD2d 239, 244).

The evidence corroborating the testimony of the accomplices, Paul Perry and Bayla Gumins, including the unequivocal identification of the defendant by Gregg, the airline shipping clerk, as the man who shipped the trunk to Buffalo from Tucson, Arizona was more than adequate. The comment of the Assistant District Attorney in summation does not warrant reversal in view of the court's careful

instructions with respect to the People's burden of proof and to the presumption of innocence and its specific instruction that no inference could be drawn from the fact that the defendant did not testify.

The judgment should be affirmed.

DILLON, P. J., SIMONS, DOERR and MOULE, JJ., concur.

Judgment unanimously affirmed.