■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVINDER GUPTA, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was indicted on December 12, 1977 on drug charges arising out of a transaction on September 30, 1977. The indictment contained two counts: second degree criminal sale of a controlled substance and third degree criminal possession of a controlled substance. Following defendant's conviction on both counts in his first trial, this court reversed and granted a new trial (*People v Gupta,* 78 AD2d 764). In his second trial, defendant was convicted of second degree criminal sale of a controlled substance and acquitted of the criminal possession count. In his present appeal, defendant's chief contention is that there should be a reversal because the two verdicts are repugnant. We disagree. In the first count of the indictment defendant was charged not with making the sale directly but (pursuant to section 20.00 of the Penal Law) with aiding his brother in doing so. At trial, an eyewitness testified that defendant approached and entered the car in which his brother was sitting and handed a packet containing the drugs to his brother, who in turn sold the drugs to the witness. Other witnesses testified to having observed defendant in the car with his brother or in the immediate vicinity. When the jury returned the verdicts convicting defendant of the sale count but acquitting him of possession with intent to sell, defendant objected to the court's proposal that it resubmit both counts with supplemental instructions. Defendant's position was that only the criminal sale count should be resubmitted and that the verdict on the criminal possession count should be recorded as an acquittal under CPL 310.50 (subd 2). Notwithstanding defendant's objection, we are of the opinion that the court could, if it had chosen to do so, properly have resubmitted both counts (see *People v Salemmo,* 38 NY2d 357; *People v Greenfield,*70 AD2d 662; *People v Ortiz,* 69 AD2d 825). Faced with defendant's objection and the possibility of a claim of double jeopardy in the event of a resubmission of the criminal possession count, the court acceded to defendant's request and recorded the verdict on that count as an acquittal. It properly declined to resubmit the

criminal sale count alone. Under these circumstances, defendant may not now be heard to claim that the verdicts are fatally repugnant. At defendant's request, the court took the very course which made impossible the resubmission of the case and the correction by the jury of the claimed inconsistency in the two verdicts (see *Barry v Manglass,* 55 NY2d 803; *People v Stahl,* 53 NY2d 1048, 1050). In any event, reviewing the jury charge to ascertain the essential elements of each crime as charged (see *People v Tucker,* 55 NY2d 1), we find no repugnancy in the verdicts. Although near the conclusion of the charge in a recapitulation of the requirements for conviction on the sale count the court, contrary to its earlier jury instructions, indicated that possession was a necessary part of the proof, it appears from a reading of the entire charge that this was an unintended misstatement. Taken as a whole, the charge clearly set forth the elements of the two counts and established that possession of the drugs was not a necessary element for conviction on the sale count (see *People v Crumble,* 286 NY 24, 26; *People v Stafford,* 79 AD2d 435, 439, app dsmd 54 NY2d 760). As the case was submitted to it, the jury could have found the defendant criminally liable for the conduct of his brother under section 20.00 of the Penal Law without finding that he had criminal possession of the drugs. Thus, the conviction on the sale count and the acquittal on the possession count did not constitute "inherently inconsistent" verdicts (*People v Tucker, supra,* p 4). There is sufficient evidence to support the conviction. We find no basis for reversal in the other points raised on appeal. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — criminal sale controlled substance, second degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.