■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO CERVANTES, Appellant. [662 NYS2d 802] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered February 28, 1995, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

After the jury announced its verdict, the prosecutor and defense counsel objected that the verdict was repugnant because the defendant was acquitted of the charges of criminal possession of a weapon in the fourth degree. A colloquy ensued in which the court offered an interpretation reconciling the verdict. The prosecutor and defense counsel, after conferring with the defendant, accepted the court's explanation and consented not to have the matter resubmitted to the jury. Accordingly, the defendant, on appeal, has waived his claim of repugnancy (see, People v Abreu, 184 AD2d 707; People v Gupta, 86 AD2d 960).

The trial court did not improvidently exercise its discretion in summarily denying, without a hearing, the defendant's motion to set aside the verdict based on juror misconduct where that application was supported only by hearsay allegations contained in an affidavit of defense counsel (see, People v Friedgood, 58 NY2d 467, 473; People v Laguer, 195 AD2d 483). The defendant's remaining contentions, including those in his pro se supplemental brief, are without merit. Miller, J. P., Ritter, Santucci and Florio, JJ., concur.