*957
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. During the People’s direct case, the prosecutor elicited police testimony that defendant was given his
 
 Miranda
 
 warnings, acknowledged receipt of the warnings and agreed in writing to waive his rights. The officer further testified that, after obtaining the waiver, he informed defendant that he would like to obtain a written statement whereupon defendant responded, "I’ll talk to you but I am not signing anything else.” Defendant then gave an oral statement.
 

 In these circumstances, the officer’s testimony did not constitute an impermissible comment on defendant’s invocation of his right to silence. Defendant did not invoke his right to silence. On the contrary he waived it, and
 
 after
 
 indicating that he would rather not put his statement in writing, defendant gave an oral statement. Defendant’s preference for making his statement orally rather than in writing was not, in this context, an indication that he wanted to cut off further inquiry which would have invoked his right to silence
 
 (cf., People v Von Werne,
 
 41 NY2d 584, 587-588 [defendant who refused to talk further invoked his right to remain silent]).
 

 Defendant’s reliance on
 
 Connecticut v Barrett
 
 (479 US 523) is misplaced as defendant’s refusal to give a written statement did not implicate his right to counsel
 
 (cf., Connecticut v Barrett, supra
 
 [where defendant agreed to talk but refused to make a written statement without counsel, defendant’s invocation of his right to counsel was limited to the making of written statements and oral statement was admissible]).
 

 In this case, defendant was properly given his
 
 Miranda
 
 warnings and waived his rights. The officer’s testimony regarding the circumstances in which defendant made the oral statement was, therefore, not improper.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.