■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SCOTT, Appellant. [720 NYS2d 364] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered November 30, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TAUS, Appellant. [719 NYS2d 897] —Appeals by the defendant (1) from a judgment of the County Court, Nassau County (Baker, J.), entered January 30, 1991, convicting him of sodomy in the first degree (three counts), sodomy in the second degree, sodomy in the third degree, sexual abuse in the first degree (eight counts), sexual abuse in the second degree (three counts), and promoting an obscene sexual performance by a child (three counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Jonas, J.), dated June 13, 1996, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

The defendant's motion to set aside the jury verdict was properly denied without a hearing, since it was not supported by an affidavit of someone with personal knowledge of the facts essential to support the demand for the relief requested (*see, People v Friedgood,* 58 NY2d 467, 473; *People v Cervantes,* 242 AD2d 730, 731). Further, the defendant's motion to set aside the judgment of conviction based upon newly-discovered evidence was also properly denied (*see, People v Salemi,* 309 NY 208, 216).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or constitute harmless error (*see, People v Gray,* 84 NY2d 709; *People v Crimmins,* 36 NY2d 230). Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.