■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HILL, Appellant. [730 NYS2d 723] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered January 9, 1998, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Elmore,* 269 AD2d 404; *People v Valerio,* 167 AD2d 439). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review. In any event, the prosecutor's remarks either constituted a fair response to the arguments made by defense counsel, fair comment on the evidence, or were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Sherwood,* 279 AD2d 486; *People v Balkaran,* 279 AD2d 634; *People v Hilliard,* 279 AD2d 590; *People v Evans,* 192 AD2d 671; *People v Rawlings,* 144 AD2d 500).

The defendant's remaining contention is without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.