■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GANIELLE WILLIAMS, Appellant. [916 NYS2d 825]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered September 10, 2008, convicting her of robbery in the first degree, upon a jury verdict, and sentencing her to a determinate term of nine years of imprisonment followed by a period of five years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence of imprisonment for robbery in the first degree from a term of imprisonment of nine years to six years, to be followed by a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, her claim regarding repugnancy of the verdict was waived, since her trial counsel consented not to have the matter resubmitted to the jury. Accordingly, the defendant "allowed the court to foreclose any possibility of remedying the claimed repugnancy and thus waived [her] right to assert the claim on appeal" (*People v Maldonado*, 11 AD3d 114, 117 [2004]; *see People v Cervantes*, 242 AD2d 730, 731 [1997]).

Furthermore, upon our independent review of the weight of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant further contends that the Supreme Court should have struck all of the complainant's testimony identifying the defendant as the assailant when the People elicited the complainant's unnoticed testimony that he identified the defendant a second time, after having identified her to police minutes earlier during a showup identification procedure (*see* CPL 710.30), instead of striking only the unnoticed identification testimony. However, the contention is unpreserved for appellate review since the defendant did not raise that specific argument at trial (*see* CPL 470.05 [2]; *People v Campbell*, 187 AD2d 442, 442-443 [1992]). In any event, the record reflects that notice pursuant to CPL 710.30 was not required with respect to the complainant's second identification of the defendant because that identification occurred by "mere happenstance and not the result of a prearranged police identification procedure" (*People v Overton*, 192 AD2d 624, 624 [1993]).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein (*see People v Suitte*,

90 AD2d 80 [1982]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.