■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DINEEN, Appellant. [929 NYS2d 751]—

After the jury announced its verdict, but before the jury was dismissed, defense counsel argued that the verdict was repugnant because the defendant was acquitted of the first and second counts of assault in the first degree (Penal Law § 120.10 [1]), but was convicted under the third and fourth counts of assault in the second degree (Penal Law § 120.05 [1]). The defendant also was convicted under the fifth and sixth counts of assault in the second degree (Penal Law § 120.05 [2]) and the seventh count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).

A colloquy ensued in which defense counsel consented to the remedy proposed by the County Court, which was to dismiss the third and fourth counts charging assault in the second degree (Penal Law § 120.05 [1]), thereby obviating the need to resubmit the matter to the jury. Accordingly, the defendant waived his claim of repugnancy (*see People v Cervantes*, 242 AD2d 730

[1997]; *People v Abreu*, 184 AD2d 707 [1992]; *People v Gupta*, 86 AD2d 960 [1982]).

The defendant was afforded the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Rivera*, 71 NY2d 705 [1988]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.