■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMIEK RICHARDSON, Appellant. [937 NYS2d 586]—

Defendant did not preserve his claim that the jury's mixed verdict was repugnant, including his assertion that CPL 310.50 (2) obligated the court to resubmit the case to the jury (*see People v Alfaro*, 66 NY2d 985 [1985]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The jury reached different verdicts as to events that occurred on different dates. The gist of defendant's argument is that, under the evidence presented, it was illogical for the jury to reach different verdicts. However, a verdict may only be set aside as repugnant where the repugnancy is legal rather than factual (*People v Muhammad*, 17 NY3d 532 [2011]).

To the extent defendant is also claiming the verdict was against the weight of the evidence, we reject that claim (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *see also People v Rayam*, 94 NY2d 557 [2000]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.