■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HARRIS, Appellant. [949 NYS2d 378]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered April 11, 2011, as amended April 27, 2011, convicting defendant, after a jury trial, of criminal sexual act in the first degree, sexual abuse in the second degree, and endangering the welfare of a child, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The verdict was not repugnant, and the court properly denied defendant's application to resubmit the case to the jury for further deliberations. The jury's acquittal of defendant of course of sexual conduct against a child in the first degree (count one) and course of sexual conduct against a child in the second degree (count two), while convicting him of sexual abuse in the second degree (count three) and criminal sexual act in the first degree (count four), was not repugnant.

"If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d 532, 540 [2011]). Regardless of whether a verdict lacks an evidentiary basis, "factual repugnancy—which can be attributed to mistake, confusion, compromise or mercy—does not provide a reviewing court with the power to overturn a verdict" (*id.* at 545). Here, the counts at issue had different requirements regarding defendant's age, and any evidence presented at trial as to defendant's actual age is immaterial (*see People v Richardson*, 92 AD3d 408, 409 [2012]).

The jury charges for counts one, two, and four all required the People to prove that defendant was at least 18 years old during certain time periods. However, the time period pertaining to count four was May 14, 2007 to May 17, 2007, while counts one and two required proof of conduct spanning at least three months during September 1, 2005 to May 17, 2007. In the abstract, the jury could have consistently found that defendant was 18 years old in the period applicable to count four, but had not yet reached that age in the period applicable to counts one and two, given that the latter period must have included dates prior to May 2007. Furthermore, the acquittals on counts one and two were consistent with the conviction on count three, since the charge on count three did not include any element regarding defendant's age. Concur—Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.