■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BESS, Appellant. [37 NYS3d 606]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered May 22, 2013, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of September 7, 2011, the defendant assaulted two people in their Brooklyn apartment, stabbing them multiple times in the head and neck. One sustained fatal injuries, the other sustained life-threatening injuries. The defendant also allegedly rifled through the pockets of one of the victim's shorts, from which $40 or $50 was missing. For

these acts, the defendant was charged with, inter alia, murder in the second degree, attempted murder in the second degree, assault in the first and second degrees, two counts of robbery in the first degree, and criminal possession of a weapon in the third degree. After a jury trial, the defendant was convicted of murder in the second degree and assault in the first degree. The jury acquitted the defendant of the remaining charges, including criminal possession of a weapon in the third degree.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the defendant waived any contention that the verdict is repugnant or inconsistent, since his counsel consented to not having the matter resubmitted to the jury (*see People v Williams*, 81 AD3d 861 [2011]; *People v Cervantes*, 242 AD2d 730, 731 [1997]; *see also People v Maldonado*, 11 AD3d 114, 117 [2004]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, under the circumstances of this case, we decline to "assume the basis for any implied inconsistencies in mixed jury verdicts" (*People v Rayam*, 94 NY2d 557, 563 [2000]; *see People v Pierre*, 126 AD3d 817, 817 [2015]; *People v Houston*, 73 AD3d 1081, 1082 [2010]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the testimony of the main prosecution witness was not incredible (*see People v McClough*, 135 AD3d 880, 880 [2016]; *People v Davis*, 299 AD2d 420, 422 [2002]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in admitting into evidence a crime scene photograph depicting the deceased victim's body into evidence. The photograph was neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Reyes*, 49 AD3d 565, 566-567 [2008]; *People v Allan*, 41 AD3d 727, 727-728 [2007]). Rather, the photograph was relevant to illustrate

and elucidate the testimony of the medical examiner, corroborate the testimony of the People's eyewitness, and to prove intent (*see People v Redmon*, 81 AD3d 752 [2011]; *People v Cartwright*, 61 AD3d 695, 696 [2009]; *People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Chandler*, 51 AD3d 941, 942 [2008]; *People v Rhodes*, 49 AD3d 668, 669-670 [2008]).

The defendant additionally contends that his counsel was ineffective insofar as he declined an opportunity for the jury to reconsider what he contends is a factually inconsistent verdict. The defendant also argues that counsel was ineffective for eliciting the complainant's prior consistent testimony and for failing to object to alleged improper remarks made by the prosecutor during summation. In his pro se supplemental brief, the defendant further contends that his counsel was ineffective for, among other things, failing to investigate whether the policies and procedures of the New York City Department of Correction (hereinafter DOC) permitted DOC personnel to arrest him without a warrant and turn him over to New York City Police Department detectives. The defendant's ineffective assistance claim is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People Evans*, 16 NY3d 571, 575 n 2, 580). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.