■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MAIRENA, Appellant. [55 NYS3d 396]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered July 24, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is without merit. The evidence adduced at trial established that the defendant stabbed the decedent with a box cutter, which caused the decedent to bleed to death. Though the decedent was armed with a machete earlier in the parties' altercation, he was no longer carrying the machete at the time the defendant stabbed him. Moreover, there was no testimony that the defendant saw the decedent brandishing the machete immediately before he approached the decedent to stab him. Rather, the evidence indicates that the decedent had walked away from the defendant after their initial altercation, that the decedent had abandoned his

machete at that point, and that the defendant could have retreated from the situation by also walking away. Viewing this evidence in the light most favorable to the prosecution (*see id.*), we find that it was legally sufficient to establish the elements of manslaughter in the first degree and to disprove the defense of justification beyond a reasonable doubt (*see People v Clarke*, 11 AD3d 554 [2004]; *People v Littlejohn*, 307 AD2d 976, 976 [2003]; *People v Hall*, 220 AD2d 615 [1995]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court's charge, when viewed as a whole, properly instructed the jury as to the defense of justification, and was a correct statement of the law (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Bogan*, 78 AD3d 855, 855-856 [2010]).

Finally, the defendant's contention that the prosecutor's summation remarks constituted reversible error because he allegedly vouched for the credibility of witnesses, made inflammatory comments, misled the jury about the evidence, and denigrated the defense is unpreserved for appellate review. The defendant made only a general objection, failed to request curative instructions, and did not timely move for a mistrial on this ground (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the comments alleged to be prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]). Moreover, the prosecutor's summation comments that the defendant's actions were unjustified and that the People's witnesses did not conspire against him did not impermissibly shift the burden of proof. The challenged remarks were responsive to the defense counsel's summation (*see People v Moore*, 29 AD3d 825, 825-826 [2006]). Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.