■ The People of the State of New York, Respondent, v Vincent P. Sparagano, Appellant. [60 NYS3d 484]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered May 29, 2014, convicting him of possessing a sexual performance by a child (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with four counts of promoting a sexual performance by a child, and four counts of possessing a sexual performance by a child, arising out of the discovery of four emails on his personal computer with attached images of alleged child pornography. The defendant was convicted of the four counts of possessing a sexual performance by a child, but was acquitted of the four counts of promoting a sexual performance by a child.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of all four counts of possessing a sexual performance by a child (*see* Penal Law

§ 263.16; *People v Kent,* 19 NY3d 290, 304 [2012]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to those four counts was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's contention that the People improperly introduced into evidence two photographs of the defendant's girlfriend found on his cell phone is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Texidor,* 123 AD3d 746, 746 [2014]). In any event, the trial court providently exercised its discretion in determining that the probative value of the photographs outweighed any prejudice to the defendant (*see People v Frazier,* 127 AD3d 1229, 1229 [2015]).

The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during his summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera,* 130 AD3d 655, 656 [2015]). In any event, the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396, 399-401 [1981]), or, to the extent they were improper, did not deprive him of a fair trial, and any other error as to individual comments was harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Mairena,* 150 AD3d 1267 [2017]; *People v Hill,* 286 AD2d 777, 778 [2001]).

The defendant's contention that the trial court improperly admitted evidence that he declined to give a written statement after he waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and agreed to speak with a detective is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Hendricks,* 90 NY2d 956, 957 [1997]).

The defendant's remaining contentions are without merit. Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.