People v Stevenson (2018 NY Slip Op 01340)





People v Stevenson


2018 NY Slip Op 01340


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-06657
 (Ind. No. 13-00067)

[*1]The People of the State of New York, respondent,
v
David Stevenson, appellant.


Bruce D. Townsend, Walden, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered May 22, 2014, convicting him of murder in the second degree, arson in the second degree, criminal possession of a weapon in the third degree (two counts), and cruelty to animals, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Moreover, the defendant waived any contention that the verdict is repugnant or inconsistent, since his counsel consented to not having the matter resubmitted to the jury (see People v Bess, 142 AD3d 1098, 1099; People v Williams, 81 AD3d 861; People v Cervantes, 242 AD2d 730, 731; see also People v Maldonado, 11 AD3d 114, 117).
The County Court providently exercised its discretion in qualifying an individual to testify as an expert in the field of forensic document analysis based on his formal training and experience (see People v Battease, 124 AD2d 807, 809; People v Donaldson, 107 AD2d 758, 759). Moreover, the lack of a license or certification does not, in and of itself, disqualify a witness from testifying as an expert (see Steinbuch v Stern, 2 AD3d 709, 710).
The County Court should not have admitted into evidence a photo of the victim taken while she was still alive, as her appearance or identity was not relevant to a material issue at trial (see People v Thompson, 34 AD3d 852; People v Rodriguez, 1 AD3d 386, 387). However, this error was harmless (see People v Stevens, 76 NY2d 833, 836; People v Crimmins, 36 NY2d 230).
Further, the defendant's contention that the County Court erred in permitting the prosecution to elicit hearsay testimony from two witnesses relating to the defendant's motive is unpreserved for appellate review. In any event, this testimony was admissible under the "state-of-mind" exception to the hearsay rule (see People v Leath, 98 AD3d 690, 691; People v Damon, 78 AD3d 860; People v Jean-Baptiste, 51 AD3d 1037, 1038).
The defendant's contention that certain remarks made by the prosecutor during his summation were prejudicial and should have resulted in a mistrial is unpreserved for appellate review (see CPL 470.05[2]; People v Rivera, 130 AD3d 655, 656). In any event, the challenged remarks were either within the broad bounds of rhetorical comment permissible in closing arguments, were fair response to arguments made by defense counsel in summation, or were fair comment on the evidence (see People v Halm, 81 NY2d 819, 821; People v Galloway, 54 NY2d 396, 399-401), or were harmless (see People v Crimmins, 36 NY2d at 241-242; People v Mairena, 150 AD3d 1267; People v Hill, 286 AD2d 777, 778).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court