People v Johnson (2018 NY Slip Op 01617)





People v Johnson


2018 NY Slip Op 01617


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2013-08768
 (Ind. No. 1262/10)

[*1]The People of the State of New York, respondent,
v
Gregory Johnson, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered July 2, 2013, as amended August 1, 2013, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Richard L. Buchter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment, as amended, is affirmed.
Contrary to the defendant's contention, the verdict finding him guilty of both counts of murder in the second degree, while acquitting him of murder in the first degree, was not legally repugnant. "[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Muhammad, 17 NY3d 532, 539-540; see People v DeLee, 24 NY3d 603, 608). In determining whether a verdict is legally repugnant, the court reviews "the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial" (People v Muhammad, 17 NY3d at 542; see People v Tucker, 55 NY2d 1, 4). "If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (People v Muhammad, 17 NY3d at 540; see People v DeLee, 24 NY3d at 608). Viewing the elements of the offenses as charged to the jury here, the acquittal on the count of murder in the first degree did not negate any of the elements of the counts of murder in the second degree (see generally People v Harris, 98 AD3d 420). To the extent that the defendant contends that the verdict should not be permitted to stand because of particular factual inconsistencies in it, his claim is without merit (cf. People v Muhammad, 17 NY3d at 545; People v Rayam, 94 NY2d 557; People v Bess, 142 AD3d 1098, 1099; People v Chavez, 139 AD3d 1082, 1083; People v Choi, 137 AD3d 808, 809).
Contrary to the defendant's contention, he was not deprived of a fair trial because the [*2]prosecutor used electronic slides during summation to display, in question format, most of the elements of the charged crimes to the jury. The defendant does not assert that the questions set forth on the slides were inaccurate, and copies of the slides were not given to the jury to review during deliberations (see People v Baker, 14 NY3d 266, 273; People v Nash, 273 AD2d 696, 699; People v Goodman, 190 AD2d 862, 863). The slides were not improper (see People v Baker, 14 NY3d at 273). Moreover, the Supreme Court's instructions were sufficient to dispel any possibility that the jury would give precedence or place undue emphasis on the prosecutor's use of the slides (see id.). Jurors are presumed to follow the legal instructions they are given (see id.; People v McManus, 150 AD3d 762; People v Tohom, 109 AD3d 253, 268). Additionally, to the extent that the prosecutor improperly vouched for the credibility of one of the People's witnesses and displayed a slide with accompanying text that highlighted the prosecutor's statement during summation, this error was not so egregious as to deprive the defendant of a fair trial (see People v Choi, 137 AD3d at 810; People v Tiro, 100 AD3d 663).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court